No. 77–128. DUPUY *v.* DUPUY. C. A. 5th Cir. Certiorari denied. 

MR. JUSTICE WHITE, dissenting.

This case concerns the standard of care required of plaintiffs seeking to recover damages for violations of § 10 (b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5. In the wake of this Court's decision in *Ernst & Ernst* v. *Hochfelder,* 425 U. S. 185 (1976), the Courts of Appeals have reached differing conclusions as to the degree of diligence appropriately required. The court below held that because *Ernst & Ernst* had imposed on defendants a standard not stricter than nonrecklessness, a plaintiff would not be barred from recovery unless he had been reckless. 551 F. 2d 1005. Similarly, the Tenth and Seventh Circuits have held that, after *Ernst & Ernst,* the contributory fault of the plaintiff would bar recovery only if it constituted "gross conduct somewhat comparable to that of defendant." *Holdsworth* v. *Strong,* 545 F. 2d 687, 693 (CA10 1976), cert. denied, 430 U. S. 955 (1977); *Sundstrand Corp.* v. *Sun Chemical Corp.,* 553 F. 2d 1033, 1048 (CA7), cert. denied, *ante,* p. 875. Also, the Third Circuit now "require[s] only that the plaintiff act reasonably" and has shifted to the defendant the burden of proving the plaintiff's

unreasonable conduct. *Straub* v. *Vaisman & Co.*, 540 F. 2d 591, 598 (1976). The Second Circuit, however, appears to adhere to the view that the plaintiff must demonstrate due diligence in discovering important information. *Hirsch* v. *Du Pont*, 553 F. 2d 750, 762–763 (1977); accord, *NBI Mortgage Investment Corp.* v. *Chemical Bank*, 75 Civ. 3411 (SDNY May 24, 1977) ("the standard of due diligence is still viable and accepted in this circuit").

The Court should take this opportunity to clarify the standard of care expected of plaintiffs in litigation under Rule 10b–5. Business can be transacted more freely and efficiently if the responsibility for verifying underlying facts is clearly allocated. Because securities litigation can be complex and expensive, it shoud be avoided to the maximum extent by early clarification of the ground rules. This Court should thus promptly resolve the existing uncertainty as to the proper standard of care required of plaintiffs after *Ernst & Ernst*. Accordingly, I dissent from the denial of certiorari in this case.