**ELCO INDUSTRIES, INC., Plaintiff,**

v.

**James W. HOGG, Defendant.**

**No. 86 C 6947.**

United States District Court,
N.D. Illinois, E.D.

May 16, 1989.

Richard M. Franklin and Michael J. Garvey, Baker & McKenzie, Chicago, Ill., for plaintiff.

John L. Conlon, Hopkins & Sutter, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, Chief Judge.

This securities case comes before us on plaintiff's motion *in limine* to preclude defendant from introducing at trial evidence purporting to show that plaintiff was "reckless" in either ignoring or discounting various facts concerning the Anchor Wire Company ("Anchor") before purchasing Anchor from defendant. For the reasons given below, we deny the motion.

FACTS

In April 1986, plaintiff Elco Industries, Inc. ("Elco") purchased Anchor from defendant James W. Hogg ("Hogg"). A few months after the sale, Elco brought suit against Hogg, alleging that Hogg had violated sections 10(b), 12(2), and 17(a) of the Securities and Exchange Act, Illinois and Tennessee securities laws, and the common law of fraud. These violations resulted from Hogg's alleged failure, during negotiations leading to the sale, to disclose material facts about Anchor's embroilment in a price war. Hogg denied these allegations in his answer, but also maintained, as an affirmative defense, that Elco failed to exercise appropriate "due diligence" as a buyer in determining the material facts about Anchor and Anchor's market position. In

our order of November 9, 1988, we granted Elco's motion to preclude Hogg from introducing evidence concerning Elco's due diligence. When Hogg responded that it would offer some evidence concerning Elco's "recklessness" as a purchaser, Elco made the present motion.

The principal evidence that Hogg has offered concerning Elco's alleged recklessness is the deposition and additional proposed testimony of its expert witness, Stanley V. Smith, a third party involved in the sale of Anchor. Smith's testimony concerns the information that Hogg passed on to Elco regarding Anchor's efforts to meet its competitors' price cuts with competitive pricing and Smith's opinions of what a prudent purchaser would have done with this information. Additionally, Hogg apparently wishes to introduce Smith's opinions to the effect that Elco was "reckless" in its method of evaluating the impact of price competition upon Hogg's revenue and profitability.

DISCUSSION

■ As this court held in its November 9, 1988 order, it is not a defense to a 10(b) fraud claim that a buyer failed to exercise due diligence in investigating the securities for sale. Although such a standard was used at one time, it was generally abandoned in the wake of *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), in which the Supreme Court held that plaintiffs in 10(b) actions must show that defendants acted with scienter in failing to make material disclosures. Since defendants could no longer be sued under 10(b) for merely negligent omissions, courts in subsequent cases found it unreasonable to permit a defendant to use a plaintiff's negligence as a defense.

■ Although it is clear that a plaintiff's actions as purchaser can still constitute a defense to a 10(b) action, there are a number of standards concerning what type of behavior precludes recovery. These varied standards were aptly summarized by Justice White in 1977, when he urged the Supreme Court to clarify the applicable law by granting certiorari in *Dupuy v. Dupuy*, 551 F.2d 1005 (5th Cir.1977):

This case concerns the standard of care required of plaintiffs seeking to recover damages for violations of § 10(b) ... and SEC Rule 10b–5. In the wake of this Court's decision in *Ernst & Ernst v. Hochfelder*, the Courts of Appeals have reached differing conclusions as to the degree of diligence appropriately required. The court below held that because *Ernst & Ernst* had imposed on defendants a standard not stricter than nonrecklessness, a plaintiff would not be barred from recovery unless he had been reckless. Similarly, the Tenth and Seventh Circuits have held that, after *Ernst & Ernst*, the contributory fault of the plaintiff would bar recovery only if it constituted "gross conduct somewhat comparable to that of defendant." Also, the Third Circuit now "requires only that the plaintiff act reasonably" and has shifted to the defendant the burden of proving the plaintiff's unreasonable conduct. The Second Circuit, however, appears to adhere to the view that the plaintiff must demonstrate due diligence in discovering important information....

*Dupuy v. Dupuy*, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977) (J. White, dissenting) (citations omitted).

The Court, however, denied certiorari in *Dupuy*, and the ambiguity in the law which concerned Justice White remains a decade later. Even within the Seventh Circuit, it is an open question whether a plaintiff's recklessness is a defense to a seller's intentional deceptions. The leading Seventh Circuit case, *Sundstrand Corp. v. Sun Chemical*, 553 F.2d 1033 (7th Cir.), *cert. denied*, *Meers v. Sundstrand*, 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 155 (1977), requires a defendant to show that the plaintiff engaged in "gross conduct somewhat comparable" to the defendant's own behavior, but leaves unclear whether a plaintiff's recklessness is "somewhat comparable" to a defendant's intentional misconduct. However, we believe that such a reading is at least implicitly supported by *Sundstrand*'s language:

"If contributory fault of plaintiff is to cancel out wanton or intentional fraud, it

ought to be gross conduct somewhat comparable to that of defendant." (citations omitted).

We find nothing in the record that remotely suggests that [the plaintiff] was recklessly remiss in not ferreting out on its own the [material] information.

*Sundstrand*, 553 F.2d at 1033, 1048. By implication, the court apparently suggests that, if the plaintiff *had* been "recklessly remiss," its behavior would have offset the defendant's intentional misconduct. We find that interpretation to be the more logical, better rule.[1] Accordingly, we hold that Hogg may introduce evidence at trial, in defending against plaintiff's 10(b) allegations, that tends to show reckless behavior on the part of Elco.

■ Our legal holding, however, leaves some practical matters to be resolved. First, Elco maintains that Hogg should not be permitted to introduce evidence of Elco's recklessness because it did not plead a recklessness defense. We disagree. Hogg did plead a "due diligence" defense which we recently held inapplicable, and he should be permitted to amend this to a recklessness defense.

■ Second, Elco contends that Hogg's evidence of Elco's purported recklessness— namely, the proposed testimony of Stephen V. Smith—is inadmissible because (a) it does not show Elco's recklessness; (b) it states legal conclusions; and (c) Smith does not acknowledge that Hogg intentionally deceived Elco, and thus cannot testify that Elco's recklessness was comparable to Hogg's intentional deceptions. We believe that any problems raised by (b) and (c) can be resolved by ensuring, at trial, that Smith does not testify as to any legal conclusions, including a legal conclusion that Elco behaved recklessly or that Elco's behavior was "comparable" in its failings to Hogg's behavior. We will limit any testimony by

Smith—or by any other witness called in this regard—to factual statements concerning the information available to Elco, the procedures Elco used to evaluate its prospective investment in Anchor, and how those procedures compared with the practices of other buyers in similar circumstances. We will also determine at trial whether Smith's testimony is likely to be probative on the recklessness issue. Although we are far from convinced at this juncture that Smith's testimony will, in fact, be admissible as tending to show Elco's recklessness, we believe that such a determination should await trial.[2]

■ Finally, Elco contends that evidence of plaintiff's recklessness is irrelevant to Elco's other six counts of securities and common law fraud. This is a dubious contention, particularly with regard to the fraud count. Under the common law of fraud in Illinois, a plaintiff must show reasonable reliance and has a duty to investigate statements made by the defendant if the full factual circumstances suggest that prudence reasonably required such an investigation. Relevant circumstances include the plaintiff's opportunity to investigate and his prior business experience. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 839 F.2d 366, 371 (7th Cir.1988); *Luciani v. Bestor*, 106 Ill.App.3d 878, 884, 62 Ill.Dec. 501, 436 N.E.2d 251 (3d Dist. 1982). In applying this test, evidence of plaintiff's recklessness, as well as evidence concerning plaintiff's knowledge, methods of evaluation, and business experience may well be relevant in establishing whether plaintiff justifiably relied on defendant's statements.

## CONCLUSION

Plaintiff's motion to bar defendant from introducing evidence of plaintiff's reckless-

---

1. Moreover, this result is consonant with our findings concerning the common law fraud count; see below, page 1218.

2. An alternative approach we could follow in this situation would be to require the defendant to make an offer of proof before trial on the issue of Elco's recklessness. *See In re Olympia Brewing Company Securities Litigation*, 612

F.Supp. 1370 (N.D.Ill.1985). However, we believe that, in the present case, we will be better able to assess the probative value of the evidence after the plaintiffs have presented their evidence concerning Hogg's alleged fraud and the extent of Elco's reliance on Hogg's representations.

ness is denied. Defendant is given until May 31, 1989 to amend its complaint and allege plaintiff's recklessness as an affirmative defense.